IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELIZABETH KING,

      Plaintiff,

v.                                                                                     No. 1:26-cv-01669-LF

NEW MEXICO REGULATION AND
LICENSING DEPARTMENT,
CLAY BAILEY,
JUAN TORRES and
LESLIE GARCIA,

      Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint

Pursuant to 42 U.S.C. § 1983, Doc. 1, filed May 22, 2026 ("Complaint"), and Plaintiff's

Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 22,

2026 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and her spouse's combined average monthly income amount during the past 12 months is $3,010.00; (ii) Plaintiff and her spouse's monthly expenses total $2,878.00; and (iii) Plaintiff and her spouse have $2,106.00 in cash and $1,053 in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and her and her spouse's combined monthly expenses are approximately equal to their monthly income.

**Order for Amended Complaint**

This case arises from Plaintiff's employment with and subsequent termination by Defendant New Mexico Regulation and Licensing Department ("NMRLD"). *See* Complaint at 2. Defendants Bailey, Torres and Garcia appear to be employees of Defendant New Mexico Regulation and Licensing Department. *See* Complaint at 7. Plaintiff asserts claims for violations

2

of the Family and Medical Leave Act ("FMLA")[1] and the Americans with Disabilities Act ("ADA")[2] and for retaliation. *See* Complaint at 2. Plaintiff seeks monetary damages and "expungement/clearance of disciplinary records." Complaint at 6.

The Court has identified the following deficiencies in the Complaint and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, it appears the Court lacks jurisdiction over Plaintiff's claims for monetary damages against NMRLD and against the NMRLD employees in their official capacities due to Eleventh Amendment sovereign immunity. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). "However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states":

---

[1] To state an interference or entitlement claim under the FMLA, a plaintiff must allege: "(1) that he [or she] was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his [or her] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006). To state a retaliation claim, a plaintiff "must show that: (1) she engaged in a protected activity; (2) [defendant] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action." *Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d at 1179.

[2] To state a claim of discrimination under the ADA, a plaintiff must allege: "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job with or without accommodation, and (3) she suffered an adverse employment action because of his or her disability." *See Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 989-990 (10th Cir. 2021). To state a claim of retaliation under the ADA, a plaintiff must allege: "(1) she was engaged in a protected activity, (2) she was subjected to an adverse employment action, and (3) a causal connection between the protected activity and the adverse action." *See Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 994 (10th Cir. 2021).

3

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (citing *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered)).  The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

In this case, there are no allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against NMRLD and against the NMRLD employees in their official capacities.  *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  Plaintiff has not cited any authority showing that the State of New Mexico consented to suit in federal court for monetary damages or that Congress abrogated State's sovereign immunity to suits for monetary damages.

Second, the Complaint generally fails to state plausible claims due to the vague and conclusory nature of the factual allegations. Many of the allegations in the Complaint refer to "Defendants" collectively and do not clearly explain what *each* Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

The Court orders Plaintiff to file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See, for example,* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after Plaintiff files an amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

5

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 22, 2026, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge